UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

COUNTY HALL INSURANCE CO., INC.,
    Plaintiff,

CASE NO.:

vs.

ROAD BANG EXPRESS, INC., ELIER
ISIDRO RODRIGUEZ, and LARITZA
VASQUEZ,
    Defendants.
_____/

# COMPLAINT FOR DECLARATORY RELIEF

COUNTY HALL INSURANCE CO., INC. ("County Hall"), files this Complaint against Defendants ROAD BANG EXPRESS, INC. ("Road Bang"), ELIER ISIDRO RODRIGUEZ ("Rodriguez"), and LARITZA VASQUEZ ("Vasquez"), for declaratory relief, and states:

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 to obtain a judicial declaration that no coverage exists under the automobile liability policy No. CHI4815162342HI, and/or any of its endorsements, bearing certificate No. CHL 01-05226-23 in the face amount of $1,000,000.00 (hereinafter the "Policy").

## PARTIES

2. Plaintiff County Hall is a risk retention group providing truck insurance to members of the long haul trucking industry.

3. County Hall is a North Carolina corporation with its principal place of business in North Carolina.

4. Defendant Road Bang is a Florida corporation with its corporate headquarters located at 3620 NW 30th Avenue, E506, Miami, Florida.

5. Defendant Rodriguez is an individual and citizen of Collier County, Florida.

6. Defendant Vasquez is an individual and citizen of Miami-Dade County, Florida.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because an action to declare no coverage for an automobile insurance policy in the face amount of $1,000,000.00 satisfies the $75,000 amount in controversy, exclusive of interest and costs, and there is complete diversity between County Hall and each Defendant.

8. The Court has personal jurisdiction over Road Bang, Rodriguez, and Vasquez because they are citizens and residents of Florida.

## VENUE

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Policy in question was executed in Miami-Dade County, Florida, and because Road Bang and Vasquez reside in the district.

## GENERAL ALLEGATIONS

10. On or about July 26, 2023, Road Bang applied for the Policy to be issued to it as owner and insured in the face amount of $1,000,000.00, with coverage for a single vehicle, a 2005 Freightliner Columbia VIN 1FUJA6CK85LN96426, and a single driver, Rolando Monteagudo Perez. A copy of Road Bang's application for Automobile Liability Insurance, electronically signed and dated by Juan Alvarez as Road Bang's owner (the "Application"), is attached as **Exhibit 1**.

11. County Hall issued the Policy to Road Bang on or about July 27, 2023, in reliance on the truthfulness of the information contained in the Application. A copy of the Policy is attached as **Exhibit 2**.

12. The Policy contains the following provisions:

> **DRIVERS**
>
> All new drivers hired during the policy term **MUST BE REPORTED** to us immediately. Accidents with **UNREPORTED, NON-SCHEDULED** drivers **ARE EXCLUDED** from coverage and will be viewed as an increase in **HAZARD/EXPOSURE**, which may result in **CANCELLATION** or **NONRENEWAL** of your policy.

(Ex. 2, 2.)[1]

> **VEHICLES**
>
> If we filed a **REGULATORY FILING** on your behalf, all units you own, operate and/or lease **MUST BE SCHEDULED** on your policy. Vehicles **NOT**

---

[1] All page numbers for exhibits refer to the PDF page numbers.

3

> **SCHEDULED** will result in immediate **CANCELLATION** of your policy.

(*Id.*)

> Each of these coverages will apply only to those "autos" shown as covered "autos" and which appear on the Schedule of Covered Autos shown herein. **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Motor Carriers Coverage Form next to the name of the coverage.**

(*Id.* 4.)

13. The symbol listed for the Policy's Automobile Liability and Personal Injury Protection coverage is 67. The Motor Carrier Coverage Form—CA 00 20 10 13 describes Symbol 67 as "Specifically Described 'Autos' – Only those "autos" described in Item Three of the Declarations for which a premium charge is shown . . . ." (*Id.* at 3, 10.) Furthermore, "Item Three," shows the only vehicle in the Schedule of Covered Autos is a 2005 Freightliner, Serial No. 1FUJA6CK85LN96426.  (*Id.* at 3–4.) Therefore, according to the explicit terms of the Policy, no other vehicle is covered under the Policy.

14. On November 1, 2023, a 2012 Volvo SE VIN 4V4NC9EH8CN544077 ("the Vehicle") was involved in a collision in Blacksburg, South Carolina, that resulted in the death of John Vanslytman (the "Collision").

15. According to the South Carolina Traffic Collision Report Form, Rodriguez was driving the Vehicle during the Collision and the Vehicle is owned by Vasquez. (**Exhibit 3**.)

4

16. The Vehicle was not insured by the Policy.

17. Rodriguez was not an authorized driver under the Policy.

18. The Vehicle itself was not owned by Road Bang.

19. A lawsuit has been filed against Road Bang and Rodriquez arising out of the Collision and County Hall has received a claim under the Policy for damages purportedly arising out of the Collision.

20. The Driver/Vehicle Examination Report shows Rodriguez may have misrepresented to the investigating officer that he was employed by Road Bang. (**Exhibit 4**, 8.)

21. Despite diligent and continuous efforts, County Hall has been unable to reach Road Bang to further investigate the facts of this case, and has hired a private investigator to try to locate any representative of the company. The business has been boarded up and the phone has been disconnected.

## COUNT I

**DECLARATORY JUDGMENT THAT NO COVERAGE EXISTS FOR THE COLLISION UNDER THE POLICY UNDER THE POLICY LANGUAGE**

22. County Hall incorporates by reference its allegations in paragraphs 1–21 as though fully set forth herein.

23. County Hall is entitled to a declaration of no coverage because the Policy at issue does not afford coverage for the Vehicle or the person who was driving the Vehicle, Rodriguez, at the time of the Collision.

24. The Policy explicitly, repeatedly, and unambiguously states that unnamed, unscheduled drivers and vehicles are excluded from coverage.

25. In this Collision, neither Rodriguez nor the Vehicle were named in the Policy.

26. Furthermore, the Vehicle was not owned by the insured and is instead owned by Vasquez.

27. Nor was the Driver employed by the insured.

28. Neither Rodriguez, the driver, nor Vasquez, the Vehicle owner, are named Insureds under the Policy.

29. Thus, there is no coverage under the Policy for the Collision.

30. Under the Policy, County Hall has no duty to defend.

31. County Hall requests a judicial declaration stating that no coverage exists for this Collision under the Policy.

32. County Hall further requests a judicial declaration that it owes no duty to any Defendant to defend or indemnify as to any claim arising from the Collision.

## COUNT II

**DECLARATORY JUDGMENT THAT COUNTY HALL HAS NO DUTY TO PROVIDE COVERAGE OR DEFEND UNDER THE POLICY BECAUSE OF ROAD BANG'S FAILURE TO COOPERATE.**

33. County Hall incorporates by reference its allegations in paragraphs 1–21 as though fully set forth herein.

34. Road Bang's failure to cooperate constitutes a material breach and substantially prejudices the rights of County Hall.

35. County Hall has in good faith complied with the terms and conditions of the Policy.

36. County Hall has exercised diligence and good faith in seeking to bring about the cooperation of Road Bang. Road Bang and its representatives have refused to cooperate with any investigation into this matter and have for all intents and purposes disappeared—the business has been boarded up and the phone line disconnected. County Hall has also hired a private investigator to assist in the search for Road Bang representatives and further facts surrounding the subject Collision.

37. Because of Road Bang's lack of cooperation, County Hall has been severely prejudiced in its defense of the case, both for coverage under the Policy and endorsements associated with the Policy. Road Bang's intentional failures to cooperate have increased the risk that County Hall insured against, and therefore relieves County Hall of any duty to provide coverage for the claim.

38. County Hall requests a judicial declaration stating that there is no duty to provide coverage to Road Bang under the Policy.

39. County Hall further requests a judicial declaration that it owes Road Bang no duty to defend or indemnify as to any claim under the Policy.

## **DECLARATORY JUDGMENT**

40. In view of the foregoing Counts I and II, an actual and present controversy exists between the parties, and this Court has the power to declare the rights and obligations of the parties as it relates to the Policy.

41. The parties are in need of a declaration declaring their rights and legal relations with the force and effect of a final judgment.

42. The parties are in doubt of their rights and obligations with respect to these matters. There is a *bona fide* present and practical need for a declaration to resolve the dispute.

43. The parties' powers, privileges, and rights depend upon the facts presented therein and the law applicable to the facts.

44. The parties hereto have, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter of this proceeding, either in fact or in law, and the antagonistic and adverse interest of the parties is brought before the Court by proper process.

45. The relief sought is not merely the giving of legal advice by the Court or an answer to questions propounded for curiosity.

WHEREFORE, COUNTY HALL respectfully requests this Court to enter judgment that County Hall has no obligation to provide coverage under the Policy and awarding such other relief as the Court deems just and proper.

Dated: April 26, 2024.

Respectfully submitted,

*/s/ Tori C. Simmons*
Mark J. Criser (FBN 141496)
mark.criser@hwhlaw.com
regina.bigness@hwhlaw.com
Tori C. Simmons (FBN 107081)
tori.simmons@hwhlaw.com
tricia.elam@hwhlaw.com

HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Tel: (813) 221-3900
Fax: (813) 221-2900
*Attorneys for Defendant*