UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21623-MOORE/Elfenbein

**COUNTY HALL INSURANCE CO., INC.**,

　　Plaintiff,

v.

**ROAD BANG EXPRESS, INC.**, *et al*,

　　Defendants.
_____/

**REPORT AND RECOMMENDATION**

　　**THIS CAUSE** is before the Court on Plaintiff County Hall Insurance Co., Inc.'s ("Plaintiff") Motion for Default Final Judgment against Defendants Road Bang Express, Inc., Elier Isidro Rodriguez, and Laritza Vasquez (the "Motion"), ECF No. [27]. The Honorable K. Michael Moore referred this matter to me "to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding Plaintiff's Verified Motion for Default Judgment." *See* ECF No. [29]. For the reasons explained below, I recommend that the Motion, **ECF No. [27]**, be **GRANTED in part and DENIED in part**.

**I.　BACKGROUND**

　　**A. The Factual Allegations**

　　Plaintiff's Complaint (the "Complaint"), ECF No. [1], contains two counts under the Declaratory Judgment Act, 28 U.S.C. § 2201, asking the Court to determine questions of coverage under an automobile insurance policy. *See generally* ECF No [1]. Plaintiff is a risk retention group that provides truck insurance to members of the long-haul trucking industry. *Id*. at ¶2. On July 27, 2023, Plaintiff issued automobile insurance policy No. CHI4815162342HI, and its

endorsements bearing certificate No. CHL 01-05226-23" (the "Policy") to Defendant Road Bang Express, Inc. ("Road Bang"). *Id*. at ¶¶1, 11.

During the Policy's effective period, on November 1, 2023, Defendant Elier Isidro Rodriguez ("Rodriguez"), driving a 2012 Volvo SE (VIN 4V4NC9EH8CN544077) (the "Subject Vehicle"), was involved in a fatal collision resulting in the death of John Vanslytman (the "Collision"). *Id.* at ¶¶14-15; ECF No. [1-3] at 1; ECF No. [1-4] at 7, 9, 10. The Traffic Collision Report Form (the "Collision Report") and the Driver/Vehicle Examination Report (the "Examination Report"), which are attached to the Complaint, list Rodriguez as a Road Bang employee and Plaintiff as the insurance company for Rodriguez. *See* ECF No. [1-4] at 2, 9; ECF No. [1-3] at 1. Defendant Laritza Vasquez ("Vasquez") is the registered owner of the Subject Vehicle. *See* ECF No. [1] at ¶15; ECF No. [1-3] at 2. Plaintiff disputes Rodriguez's employment with Road Bang and its coverage for Road Bang, Rodriguez, and the Subject Vehicle. *See* ECF No. [1] at ¶¶15-18, 20. The Subject Vehicle is not listed in the Policy, and Rodriguez and Vasquez are not named in the Scheduled Drivers Provision or anywhere else in the Policy. *See generally* ECF No. [1-2] at 3-75.

As to the underlying action creating an actual and present controversy between the Parties ("the underlying lawsuit"), Plaintiff's allegations are scarce. Plaintiff alleges only that "[a] lawsuit has been filed against Road Bang and Rodriquez arising out of the Collision and County Hall has received a claim under the Policy for damages purportedly arising out of the Collision." ECF No. [1] at ¶19. Accordingly, Plaintiff seeks the following declarations: (1) that "no coverage exists for this Collision under the Policy" and "that [Plaintiff] owes no duty to any Defendant to defend or indemnify as to any claim arising from the Collision," ECF No. [1] at ¶¶31-32; and (2) that "there is no duty to provide coverage to Road Bang under the Policy" because "Road Bang's failure to

cooperate constitutes a material breach . . . and therefore relieves County Hall of any duty to provide coverage for the claim," *Id*. at ¶¶34, 37-38.

### B. Procedural History

On April 26, 2024, Plaintiff filed the Complaint and its attachments including: (1) Road Bang's Application for Insurance (the "Application"); (2) the Policy; (3) the Collision Report; and (4) the Examination Report. *See* ECF Nos. [1-1], [1-2], [1-3], and [1-4]. Since the filing of the Complaint, Plaintiff has been unable to personally serve Defendants. *See* ECF Nos. [1], [17], and [27]. After "multiple diligent efforts[] to personally serve" Defendants and hiring a personal investigator to locate and identify service addresses for each Defendant, on July 29, 2024, Plaintiff sought leave to serve Defendants by publication. *See* ECF No. [17] at 2.

On July 24, 2024, the Court granted Plaintiff's request, allowing it sixty days to effectuate service by publication. *See* ECF No. [18]. The Clerk of Court subsequently issued Notices of Action with respect to each Defendant, *see* ECF No. [22], and the Notices of Action were published for four consecutive weeks in Miami's Community Newspapers, *see* ECF No. [23]. Pursuant to the published Notices of Action, Defendants were required to serve their written responses to Plaintiff's Complaint by September 13, 2024, but they failed to do so. *Id*.

On September 19, 2024, Plaintiff moved for entry of default, and the Clerk entered default against Defendants the same day. *See* ECF Nos. [24] and [25]. On September 24, 2024, the Court ordered Plaintiff to move for default judgment within twenty days, *see* ECF No. [26], on October 14, 2024, Plaintiff timely filed the present Motion, *see* ECF No. [27].

### II.   LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." Fed. R. Civ. P. 55 (a). After the clerk enters a default, the Court is authorized to enter a final default judgment if the party seeking it applies for one. *See* Fed. R. Civ. P. 55 (b)(2); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) ("When a defendant has failed to plead or defend, a district court may enter judgment by default.").

"A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact' as set forth in the operative complaint." *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016) (quoting *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). But the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain*, 789 F.3d at 1245 (quotation marks omitted). And a defendant's default does not automatically permit the Court to enter a default judgment: "Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019); *see also Surtain*, 789 F.3d at 1245 ("Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered.") (internal quotations omitted).

The Eleventh Circuit has "interpreted the standard" for evaluating whether a sufficient basis for default judgment exists "as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Of course, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This plausibility standard is met 'when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Surtain*, 789 F.3d at 1245 (quoting *Iqbal*, 556 U.S. at 678). Federal Rule of Civil Procedure 10(c), in turn, provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

## III.  DISCUSSION

Plaintiff has already obtained a clerk's default, *see* ECF No. [25], so final default judgment is appropriate if there is a "sufficient basis" for it in the Complaint. *See Chanel, Inc.*, 362 F. Supp. 3d at 1259; *Surtain*, 789 F.3d at 1245. A sufficient basis for default judgment exists if the Complaint states a claim to relief that is plausible on its face — that is, pleads factual content allowing the Court to draw the reasonable inference that Plaintiff has no duty to defend or indemnify Defendants. *See Iqbal*, 556 U.S. at 678.

### A. Count I — Declaratory Judgment that No Coverage Exists for the Collision Pursuant to the Policy Language

In Count I, Plaintiff seeks "a judicial declaration stating that no coverage exists for this Collision under the Policy" and "that [Plaintiff] owes no duty to any Defendant to defend or indemnify as to any claim arising from the Collision." ECF No. [1] at ¶¶31-32. Plaintiff relies on an exclusion in the Policy stating, "[t]he Policy explicitly, repeatedly, and unambiguously states that unnamed, unscheduled drivers and vehicles are excluded from coverage." *Id*. at ¶24. Specifically, Plaintiff alleges that "[i]n this Collision, neither Rodriguez nor the Vehicle were named in the Policy. Furthermore, the Vehicle was not owned by the insured and is instead owned by Vasquez. Nor was the Driver employed by the insured . . . Thus, there is no coverage under the Policy for the Collision. Under the Policy, County Hall has no duty to defend [or indemnify]." *Id.* at ¶¶24-30, 32.

### i. The Duty to Defend

The duty to defend is much broader than, and encompasses, the duty to indemnify. *See Travelers Indem. Co. of Connecticut v. Richard Mckenzie & Sons, Inc.*, 10 F.4th 1255, 1261 (11th Cir. 2021) (quoting *Mid-Continent Cas. Co. v. Royal Crane, LLC*, 169 So. 3d 174, 181 (Fla. 4th DCA 2015)). "Under Florida law, 'an insurer's duty to defend its insured against a legal action arises when the [underlying] complaint alleges facts that fairly and potentially bring the suit within policy coverage.'" *Travelers*, 10 F.4th at 1261 (quoting *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 442–43 (Fla. 2005)).

Under Florida law, a court determines "whether an insurer had a duty to defend based **only** on 'the eight corners of the [underlying] complaint and the policy.'" *Id*. (quoting *Mid-Continent*, 169 So. 3d at 182) (emphasis added). "The 'facts' we consider in evaluating the duty to defend come solely from the [underlying] complaint, regardless of the actual facts of the case and regardless of any later developed and contradictory factual record." *Id*. (quoting *Jones*, 908 So. 2d at 442–43). "When a complaint, fairly read, 'alleges facts that are partially within and partially outside the coverage of an insured's policy,' the insurer must defend that entire suit." *Gen. Star Nat'l Ins. Co. v. MDLV LLC*, No. 23-11064, 2024 WL 700425, at *4 (quoting *Sunshine Birds & Supplies, Inc. v. U.S. Fid. & Guar. Co.*, 696 So. 2d 907, 910 (Fla. 3d DCA 1997)). And "[i]f the allegations of the complaint leave any doubt as to the duty to defend," courts must resolve that doubt in the insured's favor. *Mid-Continent Cas. Co.*, 169 So. 3d at 181 (citing *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993)). When, as here, an insurer relies on an exclusion to deny coverage, the insurer bears the burden to show that the complaint's allegations fall "solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Deshazior v. Safepoint Ins. Co.*, 305 So. 3d 752, 755 (Fla. 3d DCA 2020).

At this procedural stage, the Court's decision is limited to "whether there is a sufficient basis in the pleading for the judgment to be entered." *Chanel*, 362 F. Supp. 3d at 1259; *see also Surtain*, 789 F.3d at 1245. Here, Plaintiff has failed to plead the allegations of the underlying complaint or to otherwise attach the underlying complaint to its Complaint in this case.[1] Under Florida law, the Court's determination of Plaintiff's duty to defend depends on the allegations of the underlying complaint. In the Motion, Plaintiff recognizes as much when it states: "There is no duty to defend if there is no doubt that *the allegations of the underlying suit* do not fall within the policy's coverage." *See* ECF No. [27] at 6 (emphasis added) (quoting *AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC,* 383 F. Supp. 3d 1334, 1338 (M.D. Fla. 2019)). Yet, nowhere in the Motion does Plaintiff acknowledge that the Complaint is devoid of any specific allegations about the underlying lawsuit other than the general allegation in paragraph 19 of the Complaint that a lawsuit was filed. *Compare* ECF No. [27] at 6 (stating that duty to defend is based on the allegations of the underlying lawsuit) *with* ECF No. [1] at ¶19 ("A lawsuit has been filed against Road Bang and Rodriquez arising out of the Collision and County Hall has received a claim under the Policy for damages purportedly arising out of the Collision."). Without any information about the *allegations* made in the underlying complaint, as opposed to the mere existence of the underlying complaint, Plaintiff's Complaint here fails to plead all the required facts to determine whether Plaintiff owes the Defendants a duty to defend. And "[b]ecause the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law," the Court lacks the required

---

[1] Although Plaintiff attaches the underlying Complaint to the Motion, *see* ECF No. [27-1], Plaintiff cannot cure the missing allegations in the Complaint by attaching them to the Motion as an exhibit. Indeed, the question the Court must answer is whether "there is a sufficient basis in the pleading for the judgment to be entered." *See Chanel, Inc.*, 362 F. Supp. 3d at 1259. This is because "the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law." *Id*. Plaintiff cannot add allegations after the fact that Defendants have not admitted by their default and ask the Court to enter default judgment based on such facts.

factual allegations to grant final default judgment on the duty to defend.

### ii. The Duty to Indemnify

The duty to indemnify is distinct from the duty to defend as it is narrower and is based on the "underlying facts adduced at trial or developed through discovery during the litigation." *Mt. Hawley Ins. Co. v. H&M Builders, LLC,* No. 22-CV-23091-KMM, 2023 WL 11809505, at *2 (S.D. Fla. July 11, 2023) (Moore, J.) (citing *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1324 (11th Cir. 2014)). This is to say that, to determine whether an insurer owes a duty to indemnify, it must look at the actual facts and not limit itself to those alleged in the underlying complaint. *Id.* When analyzing those facts, the district court must look at the policy language and determine whether it covers the incident. *Id.* (citing *Stephens*, 749 F.3d at 1324). And, because the duty to indemnify is narrower than the duty to defend, if there is no duty to defend, naturally, there is no duty to indemnify. *Id.* (quoting *Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, 228 F. Supp. 3d 1313, 1326 (S.D. Fla. 2017)).

Important to the issue raised here is that "the 'duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.'" *Id.* (quoting *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345 (S.D. Fla. 2008)). Indeed, "many district courts in this circuit have ruled that an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established." *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (citing *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995); *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 278 F. Supp. 3d 1302, 1306 (M.D. Fla. 2017); *Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015); *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1372–73 (N.D. Ga. 2009); *Northland Cas. Co. v. HBE*

*Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001); *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514–15 (M.D. Ala. 1996)). The rationale for this goes back to a former Fifth Circuit case finding that a district court does not abuse its discretion by dismissing without prejudice a complaint seeking a declaratory judgment when the damages component of the underlying lawsuit had not been tried, no one was legally liable to pay, and the question of whether anyone would be legally liable to pay was unknown. *See Mid-Continent Cas. Co*, 766 F. App'x at 770 (discussing *Am. Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)). This is because "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Id.* at 771. When the duty to indemnify is premature because it is pending the outcome of the underlying liability action, district courts routinely stay those claims.[2] *See Mt. Hawley Ins. Co.,* 2023 WL 11809505, at *3 (collecting cases).

Here, Plaintiff does not allege that the underlying lawsuit has concluded, that a judgment has been entered against any of the Defendants, or that Defendants are legally liable to pay any damages as a result of the Collision. *See generally* ECF No. [1]. The only allegation regarding the underlying lawsuit in the Complaint states that: "A lawsuit has been filed against Road Bang and Rodriquez arising out of the Collision and County Hall has received a claim under the Policy for damages purportedly arising out of the Collision." ECF No. [1] at ¶19. At this stage of the

---

[2] And, although the duty to indemnify is narrower than the duty to defend, based on the current record, the Court cannot determine the duty to defend for the reasons explained above. And even if it could determine the duty to defend and decided that no such duty was owed, it would still be premature to determine the duty to indemnify at this stage of the proceedings. *See Mt. Hawley Ins. Co.*, 2023 WL 11809505 at *3 (declining to decide duty to indemnify even though duty to defend was ripe for adjudication because a district court should not adjudicate hypothetical questions that are imagined today but may never materialize tomorrow).

proceedings, the Court's decision is limited to "whether there is a sufficient basis in the pleading for the judgment to be entered." *Chanel*, 362 F. Supp. 3d at 1259; *see also Surtain*, 789 F.3d at 1245. Without any allegations establishing the conclusion of the underlying lawsuit, findings of liability against the Defendants, or the entry of any judgment against the Defendants,[3] Plaintiff cannot be entitled to final default judgment on the duty to indemnify, at this juncture, as there is no indication that the declaratory action is ripe as to the duty to indemnify. As a result, the Motion is also due to be denied on the issue of the duty to indemnify.

For these reasons, I respectfully **RECOMMEND** that the Motion, ECF No. [27], be **DENIED as to Count I**.

### B. Count II — Declaratory Judgment that Plaintiff Has No Duty to Defend or Indemnify Under the Policy Because of Road Bang's Failure to Cooperate

In Count II, Plaintiff seeks "a judicial declaration stating that there is no duty to provide coverage to Road Bang under the Policy" because "Road Bang's failure to cooperate constitutes a material breach . . . and therefore relieves County Hall of any duty to provide coverage for the claim." ECF No. [1] at ¶¶34, 37-38. Specifically, Plaintiff requests a finding that there is no duty to defend or indemnify the Defendants. *Id.* at ¶39. The Policy states Plaintiff has "no duty to provide coverage under this policy unless there has been full compliance with the following duties" including "[c]ooperate with [Plaintiff] in the investigation or settlement of the claim or defense

---

[3] And although the undersigned does not base her recommendation on facts outside of the allegations in the Complaint, it notes that a review of the docket in *Lalita Persaud-Vanslytman, as Personal Representative of the Estate of John Vanslytman, v. Elier Isidro Rodriguez, Laritza Vasquez, and Road Bang Express, Inc.*, Case No. 2024-000683-CA-01 reveals that an Amended Complaint was filed on November 8, 2024 and that no judgment, final default judgment, or even a clerk's default has been entered against any of the defendants to date in that action. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings" (quotation marks omitted)); *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (recognizing that dates from "online state court dockets," which also contained "links to electronic versions of many . . . filings, as well as to many state trial and appellate court orders," "constitute judicially noticeable facts under" Federal Rule of Evidence 201).

against the 'suit.'" ECF No. [1-2] at 20.

"Under Florida law, for [the insured's] failure to cooperate to excuse [the insurer] from its obligations under the policy, [the insurer] must prove that: (1) [the insured] failed to cooperate; (2) the lack of cooperation was material; (3) [the insurer] suffered substantial prejudice as a result of [the insured's] failure to cooperate; and (4) [the insurer] exercised diligence and good faith in trying to bring about [the insured's] cooperation." *Philadelphia Indem. Ins. Co. v. Kohne*, 181 F. App'x 888, 898 (11th Cir. 2006) (citing *Ramos v. Northwestern Mut. Ins. Co.,* 336 So. 2d 71, 75 (Fla. 1976)).[4]

In support of the first element, whether the insured failed to cooperate, Plaintiff alleged that "Road Bang and its representatives have refused to cooperate with any investigation into this matter and have for all intents and purposes disappeared — the business has been boarded up and the phone line disconnected" and that Plaintiff has even hired a private investigator to assist in the search for Road Bang representatives but has been unable to reach Road Bang to investigate the facts of the case. *See* ECF No. [1] at ¶¶21, 36. As to the second element — whether the lack of cooperation was material, Plaintiff alleges that Defendants have refused to cooperate with the investigation in that they have since boarded up their business and disconnected their phone line, making them incommunicado and unavailable to assist in the defense. *Id.* at ¶34; ECF. No. [1-2] at 20. Next, as to whether Plaintiff suffered substantial prejudice, Plaintiff alleges that the failure to cooperate has impacted its ability to investigate and defend the underlying lawsuit. *See* ECF

---

[4] Courts do not analyze the existence of the duty to defend or duty to indemnify under a contractual failure-to-cooperate theory in the same way as they analyze coverage for an underlying claim. In the failure-to-cooperate context, the analysis focuses on the actions or inactions of the insurer and the insured after they are notified of a claim, which naturally occurs sometime after the incident giving rise to the claim. By contrast, in the context of a coverage decision, such as the application of an exclusion under a policy, the focus of the analysis is on the allegations of the underlying lawsuit (for duty to defend) and the facts discovered during the underlying litigation (for duty to indemnify).

11

No. [1] at ¶¶34, 36, 37. Further, Plaintiff alleges that a lawsuit has been filed against Defendants as a result of the Collision and that Plaintiff has received a claim for damages arising from the Collision. *Id.* at ¶19. The existence of a lawsuit and a claim for damages against Plaintiff coupled with Plaintiff's inability to investigate the claim and, therefore defend the claim, is substantially prejudicial. And, finally, Plaintiff alleges that it exercised diligence and good faith in trying to bring about the cooperation as it attempted to contact the insured, even hiring a private investigator to locate a company representative without success because the business has been boarded up and the phone line has been disconnected. *Id.* at ¶¶21, 35, 36.

Courts have granted default judgment on the failure to cooperate in factually analogous circumstances. *See Capitol Specialty Ins. Corp. v. Lotus Rest. & Lounge, Inc.*, No. 13-CV-21651-KMM, 2014 WL 11880985, at *2–3 (S.D. Fla. Feb. 4, 2014) (entering default judgment when the insurer was unable to locate the insured or its officers, had performed public records searches to locate the insured, hired investigators, and sent certified letters to all known addresses, which made the insurer "unable to investigate the circumstances surrounding the claim, communicate with the insured, or control the defense"); *Hartford Steam Boiler Inspection & Ins. Co. v. So Fresh Wholesale Corp.*, No. 18-CV-22716-UU, 2018 WL 8350603, at *1–3 (S.D. Fla. Aug. 31, 2018) (granting default final judgment in favor of insurer and finding no coverage when the insured failed to cooperate with the investigation of the claim and did not allow the insurer to take an examination under oath of the insured and its public adjuster even though the policy required such cooperation); *Cf. GEICO Indem. Ins. Co. v. Silva*, No. 15-81330-CIV, 2017 WL 5634717, at *5–6 (S.D. Fla. Jan. 4, 2017) (granting summary judgment and finding no coverage under the insurance policy when the undisputed facts revealed the insured failed to assist the insurer in the investigation and failed to cooperate and the insurer, for its part, "exercised diligence with regard to the cooperation

clause").

Likewise, here, the Policy attached to the Complaint requires that the insured "[c]ooperate with [Plaintiff] in the investigation or settlement of the claim or defense against the 'suit'" and the failure to "provide full compliance with" such duties results in "no duty to provide coverage under th[e P]olicy." ECF No. [1-2] at 20. As discussed above, Plaintiff's allegations in the Complaint reveal that Plaintiff indeed made efforts to contact Defendants by visiting their business (it was boarded up) and calling the contact phone number (it was disconnected). As a result of these circumstances, Plaintiff cannot investigate the facts of the underlying lawsuit or communicate with the insured, leaving it powerless to control the defense of the underlying action and causing it substantial prejudice. In light of the foregoing, the Court finds that Plaintiff's Complaint alleges a sufficient claim against Defendants for failure to cooperate under the Policy, which results in a lack of coverage for the claim in the underlying lawsuit. Accordingly, I respectfully **RECOMMEND** that the Motion, ECF No. [27], be **GRANTED as to Count II**.

## IV.   CONCLUSION

Accordingly, I respectfully **RECOMMEND** that Plaintiff County Hall Insurance Co., Inc.'s Motion for Default Final Judgment Against Defendants Road Bang Express, Inc., Elier Isidro Rodriguez, and Laritza Vasquez, **ECF No. [27]**, be **GRANTED in part and DENIED in part**. For the reasons explained above, the Motion should be **DENIED as to Count I** but **GRANTED as to Count II**.

As to Count II, I further **RECOMMEND** that the Court make the following declarations:

1. Plaintiff does not owe Defendants a duty to indemnify them under automobile insurance policy No. CHI4815162342HI, and/or any of its endorsements, bearing certificate No. CHL 01-05226-23 for claims arising from the November 1, 2023

CASE NO. 24-CV-21623-MOORE/Elfenbein

    collision which resulted in the death of John Vanslytman; and

2. Plaintiff does not owe Defendants a duty to defend them under automobile insurance policy No. CHI4815162342HI, and/or any of its endorsements, bearing certificate No. CHL 01-05226-23 for claims arising from the November 1, 2023 collision which resulted in the death of John Vanslytman.

Pursuant to Local Magistrate Rule 4(b), the parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on April 21, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record