UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21623-KMM

COUNTY HALL INSURANCE CO., INC.,

    Plaintiff,

v.

ROAD BANG EXPRESS, INC., *et al.*,

    Defendants.

_____/

## ORDER ON REPORT & RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff County Hall Insurance Co., Inc.'s ("Plaintiff") Motion for Default Judgment ("Motion") (ECF No. 27). This matter was referred to Magistrate Judge Marty Fulgueira Elfenbein, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation on Plaintiffs' Motion for Default Judgment. *See* (ECF No. 29). Magistrate Judge Elfenbein issued a Report and Recommendation ("R&R") (ECF No. 31), recommending that Plaintiff's Motion for Default Judgment (ECF No. 27) be GRANTED, in part, and DENIED, in part. Plaintiff has filed a Notice of No Objection. (ECF No. 34). Defendant has not filed objections to the R&R and the time do so has lapsed. As set forth below, the Court ADOPTS the R&R.

**I.   BACKGROUND**

Though Magistrate Judge Elfenbein thoroughly parsed through the Motion and extracted the allegations therein, the Court nevertheless provides a brief summary. Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 regarding coverage under an automobile insurance policy. R&R at 1 (citing (ECF No. 1)). "Plaintiff is a risk retention group that provides truck insurance to members of the long-haul trucking industry." *Id.* "On July 27, 2023, Plaintiff

issued automobile insurance policy No. CHI4815162342HI, and its endorsements bearing certificate No. CHL 01-05226-23" (the "Policy") to Defendant Road Bang Express, Inc. [("Defendant")]." *Id.* at 2. This action concerns Plaintiff's liability under the Policy regarding a fatal collision that resulted in the death of John Vanslytman (the "Collision"). *Id.* Plaintiff filed the instant action seeking a declaration that (1) no coverage, duty to defend, or duty to indemnify exists for the Collision under the Policy ("Count I") and (2) that there is no duty to provide coverage to Defendant under the Policy due to Defendant's failure to cooperate ("Count II"). *Id.* Now before this Court is Magistrate Judge Elfenbein's R&R recommending that this Court grant in part and deny in part Plaintiff's Motion for Default Judgment.

## II.   LEGAL STANDARD

### A.   Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the

R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### B. Default Judgment

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245–46 (11th Cir. 2015). Prior to dismissing an action *sua sponte*, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond. *Id*. at 1247–48.

"The mere entry of a default by the Clerk of the Court does not in itself warrant the entry of a default judgment by the Court." *Garrido v. Linden Contracting Servs.*, Case No. 0:14-cv-60469-KMM, 2014 WL 12603170, at *1 (S.D. Fla. Aug. 21, 2014). "Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered." *Id.* (citation omitted). "A party in default has admitted all well-pleaded allegations of fact." *Id.*

### III. DISCUSSION

In this case, where the Parties have not objected to the R&R, the Court need only review the R&R for clear error. *See Keaton*, 2015 WL 12780912, at *1. Here, the R&R considered whether "there is a 'sufficient basis'" to warrant default judgment. R&R at 5 (citations omitted). Regarding Count I, the R&R first found that "the Court lacks the required factual allegations to grant final default judgment on the duty to defend." *Id.* at 7–8. Second, the R&R found that there is "no indication that the declaratory action is ripe as to the duty to indemnify." *Id.* at 10. Regarding Count II, the R&R determined that "Plaintiff's Complaint alleges a sufficient claim against Defendants for failure to cooperate under the Policy, which results in a lack of coverage

for the claim in the underlying lawsuit." *Id.* at 13. This Court agrees. Finding no clear error in the R&R's findings, this Court ADOPTS Magistrate Judge Elfenbein's R&R.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 31) is ADOPTED. Plaintiffs' Motion for Default Judgment (ECF No. 27) is GRANTED, in part, and DENIED. Plaintiff's Motion for Default Judgment (ECF No. 27) on Count I of the Complaint is DENIED. Plaintiff's Motion for Default Judgment (ECF No. 27) on Count II of the Complaint is GRANTED. It is further ORDERED AND ADJUDGED that:

1. Plaintiff does not owe Defendants a duty to indemnify them under automobile insurance policy No. CHI4815162342HI, and/or any of its endorsements, bearing certificate No. CHL 01-05226-23 for claims arising from the November 1, 2023, collision which resulted in the death of John Vanslytman; and

2. Plaintiff does not owe Defendants a duty to defend them under automobile insurance policy No. CHI4815162342HI, and/or any of its endorsements, bearing certificate No. CHL 01-05226-23 for claims arising from the November 1, 2023, collision which resulted in the death of John Vanslytman.

DONE AND ORDERED in Chambers at Miami, Florida, this  12th   day of June 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record